MR. JUSTICE MORRISON,
specially concurring:
I concur in the result but feel that some explanation is needed with respect to what we have said about instructing on strict liability. At the outset I wish to make it clear that I concur in the result only because strict liability was not submitted to the jury on the verdict *378 form and the plaintiff did not object. Therefore, the instructions on strict liability do not present a basis for reversal.
Instruction No. 16, quoted accurately in the majority opinion, apparently adopts the rationale found in Justice Shea’s specially concurring opinion in Stenberg v. Beatrice Foods Co. (1978), 176 Mont. 123, 576 P.2d 725. Prior to this time it was thought that the requirement set forth in Restatement (Second) of Torts, Section 402A (1965) governed liability. In other words plaintiff’s proposed instruction No. 24 was a correct statement of the law. This required that plaintiff prove both “defective condition” and “unreasonably dangerous.” The instruction given by the trial court in this case eliminated defect by simply stating that defective means “unreasonably dangerous.” I agree that future strict liability instructions in Montana should eliminate defect as a necessary part of the plaintiff’s proof and submit the case under the “unreasonably dangerous” standard. This is what Justice Shea advocated in his specially concurring opinion in Stenberg and I believe the rationale is sound. I do fear that there will be some confusion by what the majority has done in the instant case but it seems clear that the majority is blessing this approach.
The problem with court’s instruction No. 16 is that the instruction is incomplete. The instruction does not adequately submit the plaintiff’s theory of strict liability to the jury because it does not do any more than define terms. Plaintiff is entitled to an instruction that states that plaintiff is entitled to recover if certain elements are proven. The instruction failed in this respect and would have constituted reversible error had strict liability been submitted to the jury. Since plaintiff acquiesced in submission of the case to the jury on a special verdict form which did not include strict liability, plaintiff can not now complain about the incomplete nature of court’s instruction No. 16.
I therefore concur in the result and further wish to give my judicial stamp of approval to the majority’s elimination of “defective condition” as a necessary element of plaintiff’s proof in a strict liability case.